# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
April 24, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEFFREY A. SCARBRO,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1203** (BOR Appeal No. 2047045)
                    (Claim No. 2011005032)

**BRODY MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey A. Scarbro, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Brody Mining, LLC, by Matthew L. Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a March 20, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 24, 2011, decision which denied authorization of transforaminal epidural injections and the medication Neurontin. In its Order, the Office of Judges also affirmed the claims administrator's July 20, 2011, decision which denied a request to add lumbar radiculitis, lumbosacral spondylosis without myelopathy, and displacement of intervertebral disc without myelopathy to the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Scarbro, a forklift operator, injured his back when he fell backwards onto a piece of machinery while dislodging a bag of rock dust on July 20, 2010. His claim was held compensable for lumbar sprain/strain. Mr. Scarbro has a long history of lower back pain. A 1999 Beckley Veterans Affairs Medical Center treatment note indicates he developed gradual onset

right sciatica. In 2001, he reported to the emergency room with complaints of lumbar pain after a fall at work. An MRI taken at that time revealed degenerative disc disease at L1-2. In 2004, Mr. Scarbro again visited the emergency room due to a fall. He was diagnosed with a lumbar strain and lumbar contusion. An MRI taken that day showed slight narrowing of the L4-5 and L5-S1 intervertebral disc spaces. In 2006, Mr. Scarbro presented in the emergency room with complaints of increased lower back pain. An MRI revealed focal protrusion of the L5-S1 intervertebral disc, generalized bulging of the L5-S1 intervertebral disc, and focal protrusion of the L4-5 intervertebral disc.

Following his compensable injury, Mr. Scarbro reported pain in his lower back and weakness in both legs. Rajesh Patel, M.D., diagnosed lumbar sprain, left L4-5 radiculitis, foraminal stenosis on the left at L4-5 and L5-S1, a left L4-5 disc protrusion, and lumbar degenerative disc disease in his October 23, 2010, treatment note. By February 7, 2011, Paul Oar, M.D., found that Mr. Scarbro's back pain was "quite a bit better" and that he no longer experienced leg pain. He was released to return to work on February 21, 2011. Mr. Scarbro was treated by Matthew Ranson, M.D., in February of 2011. Dr. Ranson determined that Mr. Scarbro was suffering from lumbar sprain/strain, lumbar degenerative disc disease, lumbar radiculopathy, and questionable diabetic neuropathy. He recommended transforaminal epidural injections and prescribed the medication Neurontin.

Mr. Scarbro underwent three independent medical evaluations during the course of this claim. Paul Bachwitt, M.D., found in a December of 2010, independent medical evaluation that Mr. Scarbro had reached maximum medical improvement for his compensable sprain/strain and noted that no maintenance care was necessary. Bruce Guberman, M.D., performed an independent medical evaluation in August of 2011. He too determined that Mr. Scarbro had reached maximum medical improvement for his compensable condition and recommended no further treatment. However, he recommended the addition of lumbar radiculitis, lumbosacral spondylosis without myelopathy, and displacement of intervertebral disc without myelopathy to the claim. Mr. Scarbro's final independent medical evaluation occurred in December of 2011. Marsha Bailey, M.D., found in that evaluation that Mr. Scarbro denied any left leg pain at that time. He reported that his last episode of consistent left leg pain occurred in January or February of 2011, his leg now only hurt when he stood for an hour or more, and the pain was quickly resolved by sitting down. Dr. Bailey determined that he suffered from chronic lower back pain without true radiculopathy. She opined that his symptoms and the location of his pain and numbness were not consistent with radiculopathy. She determined that he had reached maximum medical improvement and required no further treatment.

Prasadarao Mukkamala, M.D., performed two physician reviews of Mr. Scarbro's claim. In his first review in March of 2011, Dr. Mukkamala recommended denying Mr. Scarbro's request for the medication Neurontin and transforaminal epidural injections. He found that the injury was a soft tissue injury for which Mr. Scarbro had already received adequate treatment, and no further treatment was necessary. In his second physician review in June of 2011, Dr. Mukkamala determined that the requested diagnoses should be denied, because they were all naturally occurring conditions and were not injury-related. Mr. Scarbro was found to be at

maximum medical improvement, and it was determined that any further treatment he may require would be to treat non-compensable conditions.

The claims administrator denied authorization of transforaminal epidural injections and the medication Neurontin in its May 24, 2011, decision. It also denied a request to add lumbar radiculitis, lumbosacral spondylosis without myelopathy, and displacement of intervertebral disc without myelopathy as compensable components of the claim in a July 20, 2011, decision. The Office of Judges affirmed the claims administrator's decisions in its March 20, 2012, Order. It found that the evidentiary record revealed Mr. Scarbro's back problems preceded his compensable injury. The record contains evidence of pre-existing degenerative spine disease as well as diabetic neuropathy. The Office of Judges concluded that the mechanism of injury was consistent with the original diagnosis. It found Mr. Scarbro sustained a soft tissue injury which resolved long ago. The medical records were determined to show that his current symptoms are more likely due to degenerative changes and other non-compensable physical conditions. The Office of Judges also concluded that it was more probable than not that the necessity of the medication Neurontin and transforaminal injections are not necessitated by the compensable injury. It found that they were requested to treat non-compensable conditions.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 21, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record shows that Mr. Scarbro has a long history of lower back pain and injury as well as pre-existing degenerative changes. His claim was held compensable only for a lumbar sprain/strain, and the record indicates that the injury healed long ago.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 24, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3